Peter C. Pell, Appellee, v. Joliet, Plainfield & Aurora Railway Company, Appellant.

### Gen. No. 5,038.

1. NEGLIGENCE—*how question as to whether permitting arm to project from street car constitutes, to be determined.* It is a question of fact whether a person riding in a street car who places his arm upon the window sill, even if it extends slightly outside, does so in a manner hazardous under the circumstances, or whether he exercises reasonable care for his own safety.

2. PASSENGER AND CARRIER—*what not competent to affect rights of former.* A passenger is not bound by a secret arrangement of which he has no notice.

Action in case for. personal injuries. Appeal from the Circuit Court of Will county; the Hon FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

JOHN M. RAYMOND, JOHN K. NEWHALL and GARNSEY & WOOD, for appellant.

J. M. DOWNEY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellant, the Joliet, Plainfield and Aurora Railroad Company, operates an electric interurban railroad between the limits of Joliet and Aurora. In the city of Aurora, it used under contract, certain tracks of the

Elgin, Aurora and Southern Traction Company. On July 22, 1906, appellee, Peter C. Pell, purchased a ticket of appellant in Joliet, entitling him to transportation over appellant's road to Aurora and return. He went to Aurora in the forenoon, and about 5:30 P. M. boarded a car of appellant, bound for Joliet, at its terminal station in Aurora, and while riding south along Lincoln avenue in said city, with his left hand resting on the window sill of an open window of the car, and his fingers over its outside edge, a car going north on the other track passed and the skid for holding the bars on the outside of the windows of the passing car struck the back of his hand, cut a groove across it, dislocated the wrist and otherwise injured his hand and arm. On August 26, 1906, he brought this suit in the Circuit Court of Will county to recover damages for the injuries so sustained. The declaration contained four counts, and averred negligence on the part of appellant in operating its cars too closely together; negligence in failing to provide guards or screens on the car windows; negligence in failing to give warning to the passengers when cars were approaching each other; negligence generally in the operation and management of the cars and road. Each count averred that plaintiff was exercising due care when injured. Appellant filed a plea of not guilty, and notice therewith, that it would offer in evidence a contract between it and the Elgin, Aurora and Southern Traction Co. and proof that at the time of the alleged injuries to appellee, it neither owned the track nor had control of the cars in question in this case. There was a trial and a verdict for appellee for $1,200. A motion for a new trial was denied, judgment was entered on the verdict, and the company appeals.

The evidence shows that the car in which appellee was riding contained a smoking and a chair compartment. The chair compartment was provided with cane seats running crosswise, with an aisle in the center. The smoking compartment, which was located at the

front end of the car as it proceeded towards Joliet, was provided with two cane seats which ·extended across the rear. In front of the cane seats were two long seats on either side, facing the center of the car. These longitudinal seats were hinged and could be fastened against the side of the car to make room for baggage or freight. Outside the windows, which were opposite the cane seats in both compartments, were three iron bars, about three inches apart, which extended from, nine to twelve inches above the windowsill. The windowsills opposite the cane seats in both compartments were seven inches wide, and those at the front window of the smoking compartment were seven and three-fourths inches wide. In the smoking compartment, just above the longitudinal seats was an iron grating which was pushed down to protect the window when the compartment was used for freight or express.

There is some conflict in the evidence relative to the seat occupied by appellee when injured. He testified that when he first entered the car, he sat in the cane or crosswise seat on the right of the smoking compartment, but afterwards moved to the front longitudinal seat on the left side, where there was a window open and the grating up. He put his knee on the seat, laid his arm on the window sill, extending it over the sill an inch or two. Four witnesses for appellee testified that he was sitting when injured in the longitudinal seat at the front end of the compartment, and one witness for appellee testified that he sat on the left side near the rear. Two witnesses for appellant testified that he sat on the cane or crosswise seat in the rear. Which seat he occupied when injured was a question of fact for the jury, and we are of the opinion that the evidence justified the finding that he was sitting when injured on the longitudinal seat at the front end of the smoking compartment.

At the close of appellee's proof, and again at the close of all the testimony, appellant moved the court to exclude the evidence and instruct the jury to find ap-

pellant not guilty. The court denied the motions, and refused the instructions, which is urged as error on the ground that the evidence shows as a matter of law that appellee was guilty of contributory negligence, and therefore barred from recovery.

In our opinion, it is a question of fact whether a person riding in a street car who places his arm upon the windowsill, even if it extends slightly outside, does so in a manner hazardous under the circumstances, or whether he exercises reasonable care for his own safety. It is incumbent upon him so to conduct himself as not to expose his limbs to collisions from obstacles outside. He must be entirely free from negligence which contributes to the injury. It is for the jury to say, under all the circumstances, whether a person is wanting in due care or not. This must be so unless the court is authorized in saying as a mtter of law in every case, that one who extends his hand or arm in the slightest degree out of the window of a car while in motion, is chargeable with negligence and cannot recover, if injured by the negligence of the servants of the company operating the car, while in this position. When we consider the manner in which street or electric interurban cars are constructed, with windows that can be opened, and at such a height from the seat that passengers will unconsciously place their arms upon the sill for support, there being no bars before the window to prevent their doing so, then to say that if a passenger's hand or arm extends the slightest degree beyond the outside edge or surface he is wanting in due care, and that if he is injured he cannot recover, appears to us to be laying down a very arbitrary and unreasonable rule of law. There should be more or less space between the outside of the car and any structure erected by the side of the track, or any passing car, to allow for the motion of the car. Passengers know this, and regulate their conduct accordingly. They do not suppose that managers of the road suffer structures to be so placed or tracks to be so laid

as barely to miss structures or cars while passing. Of course a case might be supposed where negligence would be clearly apparent from the circumstances. If a passenger rode with his body half out of the window, or with his arms or feet so protruding as inevitably to expose him to danger, this would be negligence *per se.* In this case there was no proof that such was the conduct or position of appellee. There was proof that his fingers were on the outside surface of the car and possibly some portion of his arm may have extended beyond the outside surface of the car. Counsel for appellant has cited us to a number of authorities to support their contention that where the plaintiff had his arm on the windowsill and his fingers outside the window when injured, the question of whether his conduct was negligence became a matter of law for the court to decide, and not one of fact for the jury—none, however, from the courts of this state. They rely principally upon Interurban R. & T. Co. v. Hancock, 75 Ohio State 88, which in some of the facts was much like the case at bar. It appears, however, that in that case there were four bars across all the windows of the car in which the plaintiff was riding, the top bars being approximately twelve inches above the windowsill. The plaintiff placed his arm on the top and over the bars, and it was struck by a passing car. The distance between the car on which he was riding and the handles of the car that struck him was three or four inches. There the court held as a matter of law that a person on an interurban car who permitted his arm or any part thereof to extend or project out beyond or over the rods barring an open window, and was injured by such act, was guilty of contributory negligence. The learned writer of the opinion in that case stated that the opposite doctrine was maintained in a number of decisions, referring directly to Spencer v. Milwaukee & St. P. du Ch. R. Co., 17 Wis. 503, and C. & A. R. R. Co. v. Pondrom, 51 Ill. 333, holding that the latter case was not authority in Ohio because the ques-

tion there turned on the doctrine of comparative negligence. The rule laid down in the Hancock case is not applicable to the facts in the case at bar; and that in the Pondrom case, though announced on the doctrine of comparative negligence, no longer recognized in this state, is not entirely inapplicable to the facts in this case.

In the case at bar, it is far from being clear that appellee was guilty of any negligence in putting or resting his arm upon the windowsill in the manner he did, and for the court to say he was guilty of negligence which contributed to the injury would be usurping the province of the jury.

On the trial, appellant offered in evidence an instrument in writing dated August 5, 1904, between the Elgin, Aurora & Southern Traction Company and appellant, for the purpose of showing the use, control and management of the cars on appellant's line, and that the car in question was rented to, and under the exclusive control and management of the officials and agents of the Elgin, Aurora & Southern Traction Company on the day of the accident. The instrument provided that the Elgin, Aurora & Southern Traction Company should receive the cars of appellant at its point of connection with the Fifth street line of the Aurora Company, and convey all passengers of appellant from that point to the transfer station of the Aurora Company, and also to carry passengers destined to points on appellant's line from said transfer station to said connecting point; and that the Aurora Company should convey so far as it was able under municipal and statutory ordinances and regulations, express, mail and other matter destined to and from points on the line of the railway of appellant; and that the cars of appellant necessary for such service were leased to the Aurora Company. It also provided that the employes while operating said cars for the Aurora Company over its lines should be considered the em-

ployes of the Aurora Company, subject to its rules and regulations, and paid by appellant. This contract the court excluded, which appellant now urges as error. In City of Aurora v. Elgin, Aurora & Southern Traction Co., 128 Ill. App. 77, it was held that this contract did not confer lawful authority on the Joliet Company, appellant here, to transport freight, express, baggage and mail in its cars along the street car tracks of the city of Aurora. On appeal to the Supreme Court this holding was approved. It was further held that the authority of the Aurora Company was not broad enough to confer upon appellant the right to transport its passenger cars over the line in question. City of Aurora v. Elgin, Aurora & Southern Traction Co., 227 Ill. 485. In view of these holdings, in our opinion, the contract was invalid. If valid, it was incompetent for the reason that a passenger is not bound by a secret arrangement, of which he has no notice. Moreover, the evidence is undisputed that the motorman and conductor in charge of the car in question at the time appellee was injured were employed and paid by appellant, and that the car in which he was riding and the car that injured him belonged to appellant. We conclude that there was no error in not admitting the contract in evidence.

Appellant urges that the court erroneously struck from the files its notice filed with the general issue. The notice was for the purpose of admitting in evidence without a special plea, the contract between appellant and the Elgin, Aurora & Southern Traction Co. This contract not being admissible in evidence, there was no error in striking the notice from the files.

Appellant insists that the court erred in giving instructions 1, 2, 3, 4 and 5 for appellee, but argues only the second and fourth. We have carefully considered the objections to these instructions, and have reached the conclusion that they are not open to appellant's criticism. Appellant also complains of the refusal of several of its instructions, but argues only the

fifth. Upon an examination of this instruction we conclude that it was properly refused.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*